ACHSAH RUTH HALL, by ALFRED P. HALL, her father and natural guardian, Appellant, v. HAMPTON WINTERMUTE, Appellee.

**Parent and child:** CUSTODY OF MINOR: DISCRETION. Under the circumstances shown in this case a parent was not in a position to assert a parental claim to the custody of a minor child, as an absolute right.

**Same:** *Habeas corpus:* TRIAL *de novo.* Habeas corpus proceedings for the custody of a minor child are not triable *de novo* on appeal from an order dismissing the petition.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

WEDNESDAY, FEBRUARY 7, 1912.

THIS is a *habeas corpus* proceeding, whereby the petitioner seeks to obtain custody of his minor daughter. The defendant is the maternal grandfather of the minor, in whose family the minor and her mother had lived for about one year before these proceedings were begun. In this home the mother died Octoer 10, 1910, and this proceeding was begun a few days thereafter. The petition was dismissed, and the petitioner appeals.—*Affirmed.*

*G. B. Haddock,* for appellant.

*W. M. Jackson,* for appellee.

EVANS, J.—The plaintiff and his wife had become estranged for some time prior to the wife's death. At the time of her death plaintiff's action for divorce was pending against her. A year or more before that time the wife had brought an action for divorce against him, and afterwards dismissed the same and lived with him a short time. The parties had formerly lived in Taylor county. Since 1908 the plaintiff has lived in New Mexico. His residence proper is upon a homestead eighteen miles from the town of Nara Visa. He also has residence rooms in Nara Visa, where he operates a drug store. There were two children, a son and daughter, to the marriage. The son is with the plaintiff in New Mexico. The daughter lived with her mother at Bedford in the home of the grandfather, who is defendant herein. The family of the defendant consists of two adult daughters, one of whom had assumed for many months the special care and custody of the minor child. For many years before her death the petitioner's wife had suffered from a fatal disease known as "exophthalmic goitre." In expectation of death, request had been made by her to her sister to care for the child, and this responsibility had been assumed by the sister before the death of the mother. She had borne all the expense of her support for about one year prior to the mother's death; the petitioner contributing nothing. The evidence shows that it will be greatly to the interest of the child to continue in the home of the grandparent. It is clear, also, from the testimony that, if the present custody be awarded to the petitioner, the child must be subjected to hard conditions. The home in New Mexico on the homestead consists of one room. The rooms in Nara Visa are in the rear of the drug store. The residence property upon the homestead is remote from neighbors, school, and

I. PARENT AND
   CHILD: cus-
   tody of
   minor:
   discretion.

church. The petitioner is without means; so that it would be quite impossible for him to mitigate the conditions here stated. The home at Bedford is commodious. The grandparent is well to do. The home influences are helpful and the school and church privileges excellent. The order of the trial court was temporary in form, and determined only that for the present it was for the best interest of the child to remain where she was. Full provision was made in the decree awarding the petitioner liberal privileges in the matter of visiting, and forbidding all conduct on the part of the defendant and his family which would alienate the affection of the child from her father. The contention of the appellant here is that as the surviving parent of the child he has the absolute right to her custody, in the absence of wrongful conduct on his part. Under the circumstances shown, we do not think that he is in a position to assert his parental claim as an absolute right. The trial court was justified upon this record to find that he had been blameworthy.

The case is not triable here *de novo,* and if it were, we would be very slow to interfere with the conclusions of the trial court. Some measure of discretion must be allowed to it. The trial judge interviewed 2. SAME: *habeas corpus*: trial *de novo*. the child privately. The case should not be allowed to turn upon this fact, and yet it ought not to be wholly overlooked. The effect of the court's order is to keep the child within its present jurisdiction. If a material change of circumstances arises, there is nothing in the order which would forbid further hearing.

The order appealed from will therefore be *affirmed.*