ACHSAH RUTH HALL (by ALFRED P. HALL, her father. and natural guardian), Appellant, v. HAMPTON WINTERMUTE and MINNIE WINTERMUTE, Appellees.

Habeas corpus: CUSTODY OF MINOR: RIGHTS OF PARENT. The right 1 of a parent to the custody of a minor child is not absolute under all circumstances. Thus where a sixteen year old girl resided with her grandfather and aunt for some time after her mother's death, was well provided for, had proper home influences, church and school advantages, and was unwilling to leave and go with her father, who resided upon a homestead in another state remote from neighbors, schools and church, the court was justified in dismissing the father's petition that she be placed in his custody.

Same: APPEAL: TRIAL DE NOVO. An appeal in habeas corpus proceedings 2 for the custody of a minor child by its parents is not triable *de novo.*

Appeal: AMENDED ABSTRACT: COST. The cost of an amended abstract 3 containing much improper matter not a part of the record and much that was mere repetition of that set out in the original abstract should be taxed to the appellee.

*Appeal from Taylor District Court.*—HON. H. K. EVANS, Judge.

FRIDAY, FEBRUARY 13, 1914.

THIS is a habeas corpus proceeding brought by the father of a minor child to obtain her custody. There was a judgment dismissing the petition, and the plaintiff appeals.— *Affirmed.*

*G. B. Haddock,* for appellant.

*W. M. Jackson,* for appellees.

EVANS, J.—I.    The same parties were before us upon a former appeal and upon substantially the same evidence. See *Hall v. Wintermute,* 154 Iowa, 520. The record in that case is included in the present record, and reference may be had to the former opinion for a statement of the case up to that time. The only material change in the circumstances since the former decision is that the plaintiff Alfred P. Hall has since married. In all other respects the circumstances are substantially the same, except such changes as necessarily result by the course of time. The minor daughter in question is now a young lady nearly sixteen years of age. She has been attending school regularly at Bedford. At the time of the trial below she was about to enter the high school. She is very unwilling to change her home or to go with her father to New Mexico. The court below was justified, under the evidence, in finding that her best interests would be subserved by the maintenance of present conditions. The argument in behalf of the father is based largely upon the assertion of his absolute right to the custody of his own child. This is a very sacred right and we deal with it very tenderly. As indicated in our previous opinion, the present custody of this minor by her maternal grandfather and her aunt began under distressing and compelling circumstances for which the plaintiff had his full share of blame. The ties of affection which have formed between the child and her aunt and her grandfather are the natural result of the faithful and affectionate performance of the trust assumed by them. These, too, are entitled to legal protection and cannot be lightly broken. The child herself is not without rights, and at her age her wishes cannot be wholly ignored.

The case is not triable here *de novo.* We think that, under all the circumstance shown, the trial court was justified

in the conclusion reached and that we ought not to interfere therewith.

II. The appellees have filed an amended abstract. Much of the matter included in it is improper and was not a part of the record in the court below. Much of it is a mere repetition of matter fairly and fully set forth in the abstract. We find nothing in it that fairly justified its filing. The cost thereof will be taxed to the appellees.—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.